UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-189-01 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ALBERT LITTLE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are a motion for a bill of particulars [Record Document 205] and a motion to strike prejudicial surplusage from the indictment [Record Document 203], both filed by the Defendant, Albert Little ("Little"). Based on the following reasons, Little's motion for a bill of particulars [Record Document 205] and motion to strike prejudicial surplusage [Record Document 203] are **DENIED**.

**I.    Bill of Particulars.**

Little has filed a motion for a bill of particulars, seeking: (1) the date on which the conspiracy charged in Count One allegedly began and (2) the identities of his known, yet unnamed co-conspirators, along with the time, place, and nature of the offenses involving the unnamed co-conspirators.[1]  In support of this request, Little asserts that he "has no

---

[1] With respect to the beginning date of the conspiracy, at the pretrial conference of this matter, defense counsel and counsel for the Government seemingly had a meeting of the minds regarding the earliest event which would be used to establish the conspiracy in count one. Because the request for this particular piece of information was not reurged in the Defendant's response to the Government's opposition, the Court will presume that the Defendant was satisfied with the Government's information.

present ability to defend against actions by those of whom he has no knowledge." Record Document 205, Exhibit 1, p. 3.

A bill of particulars is designed to apprise the defendant of the charges against him with sufficient detail to allow him to prepare his defense. See United States v. Kirkham, 129 F'Appx. 61, 71 (5th Cir. 2005) (citing United States v. Montemayor, 703 F.2d 109, 117 (5th Cir. 1983)). A defendant has no right to a bill of particulars. See United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980). Rather, the motion is addressed to the sound discretion of the district judge. See id. An indictment need not provide the defendant with the evidentiary details by which the government plans to establish his guilt. See United States v. Gordon, 780 F.2d 1165, 1172 (5th Cir. 1986). "A bill of particulars is not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." United States v. Moody, 923 F.2d 341, 351 (5th Cir. 1991). "A defendant should not use the Bill of Particulars to 'obtain a detailed disclosure of the government's evidence prior to trial.' " United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978) (quoting United States v. Perez, 489 F.2d 51, 70–71 (5th Cir. 1973)). Indeed, discovery is not a permissible goal of a bill of particulars. See United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978). An indictment will be deemed adequate if: (1) it contains the elements of the charged offense; (2) fairly informs the defendant of the charge against him; and (3) ensures there is no risk of future prosecutions for the same offense. See United States v. Harms, 442 F.3d 367, 372 (5th Cir. 2006).

With respect to the identity of other conspirators, the Fifth Circuit has instructed that there is generally no right to a list of names of government witnesses through a bill of particulars. See United States v. Pena, 542 F.2d 292, 294 (5th Cir. 1976). Thus, a motion for a bill of particulars should be denied when its sole purpose is to obtain a list of government witnesses. However, the Fifth Circuit has also made clear that a bill of particulars is the proper procedure for the defendant to discover the name of an unindicted alleged co-conspirator, if the government intends to call such a person as a witness at trial. See United States v. Hughes, 817 F.2d 268, 272 (5th Cir. 1987) (citing United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir. 1979). Nonetheless, the trial court should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial. See Barrentine, 591 F.2d at 1077. The Defendant is obligated to demonstrate that he will be prejudiced if he does not receive the information sought. See id. at 1077.

Here, Little contends that disclosure of the identity of the unnamed co-conspirators:

> should be made. We do not seek the names of witnesses. . . For example, counsel would [be] caught by surprise if objection is made to an out-of-court statement by a third party and the government responds that the statement is made in furtherance of the conspiracy by a conspirator "known to the grand jury." . . . Without such information, we simply do not have the tools necessary to prepare an adequate defense to the charged conspiracy . . .

Record Document 222, p. 2. Little's claim that he needs a bill of particulars is conclusory. He provides nothing to support his contention that the particulars he requests are "necessary" to avoid surprise at trial or that he will suffer prejudice in the absence of this information.

The Court finds a bill of particulars unnecessary given the facts of this case. The Government has provided Little with voluminous discovery, including but not limited to wiretaps, body recordings, call sheets, and investigative reports. Defense counsel have had access to the investigative agents in this case and have had meetings with counsel for the Government, during which the Government's evidence was reviewed and discussed. The discovery provided by the Government is broader than that required by Federal Rule of Criminal Procedure 16. Thus, even if the indictment does not furnish enough information about the charges Little faces, a proposition which this Court rejects, the fact that the Government has provided the necessary information in another satisfactory form obviates the need for a bill of particulars. See United States v. Kirkham, 129 F.App'x 61, 72 (5th Cir. 2005); United States v. Vasquez, 867 F.2d 872, 874 (5th Cir. 1989).

Furthermore, aside from speculating that he may lose a hearsay objection if an unnamed co-conspirator's out-of-court statement is introduced, Little neglects to explain why the names of his unindicted co-conspirators are necessary to help him prepare for trial. Further, Little does not assert any specific prejudice that will result from the denial of his motion. He simply provides the Court with the pertinent legal standards governing the production of a bill of particulars and insists that the requested information is necessary to prepare his defense. The Court finds that Little has failed to demonstrate that a bill of particulars is necessary or that he will be prejudiced if the Government is not mandated to

disclose the names of his unindicted co-conspirators.[2]  Thus, Little's motion for a bill of particulars [Record Document 205] is **DENIED**.

However, the Court does not expect the Defendant to be ambushed at trial.  In order to minimize any potential surprise at trial, at the end of each day, the Government shall provide the Defendant with a list of witnesses it expects to call the following day until it rests its case-in-chief.  The Defendant shall reciprocate during his case-in-chief.  Finally, should Little find himself truly "surprised" by a witness alleged by the Government to be a co-conspirator, the Court will consider a remedy to ensure Little receives a fair trial.  See United States v. Stevens, 778 F.Supp.2d 683, 696 n. 6 (W.D.La. Mar. 3, 2011).

## II.     Motion To Strike Prejudicial Surplusage From the Indictment.

In Little's next motion, he asks that the Court strike from the indictment the following phrase: "and other persons both known and unknown, to the Grand Jury." Record Document 203. Although Little contends that this phrase is prejudicial surplusage, he provides no support for that assertion.

Federal Rule of Criminal Procedure 7(d) allows a court to delete immaterial, irrelevant and inflammatory language contained in an indictment.  The Fifth Circuit has held that "the inclusion of clearly unnecessary language in an indictment that could only serve to inflame the jury, confuse the issues, and blur the elements necessary for conviction surely can be prejudicial." United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971).  In the instant case, Little has failed to demonstrate that the phrase "and other persons both

---

[2] Given the vast amount of discovery that has been provided to the defense, it is highly likely that all co-conspirators have already been identified.

known and unknown, to the Grand Jury" is immaterial or prejudicial. To the contrary, the Court finds that this phrase is commonly used in pleading conspiracy counts, as at the time an indictment is returned, the Government does not always know all of the conspirators involved in the alleged conspiracy. In some cases, the Government learns of additional conspirators only after an indictment has been returned by the Grand Jury. Nevertheless, even when a co-conspirator's identity is known, he should not be named in the indictment if he is not officially charged as a defendant. In fact, the practice of naming in an indictment a person who is unindicted has been severely criticized by the Fifth Circuit for a variety of reasons, including that the unindicted person has no forum in which to seek vindication or clear his name. See United States v. Briggs, 514 F.2d 794 (5th Cir. 1975). Thus, it is simply not required for every co-conspirator to be named in an indictment.[3] With that in mind, the Court cannot say, and Little has not demonstrated, that reference to "other persons both known and unknown, to the Grand Jury" is prejudicial surplusage that should be stricken from the indictment. Accordingly, Little's motion to strike is **DENIED**.

---

[3] Evidence related to an unindicted co-conspirator may be used at trial against the defendant: "The Government may introduce evidence at trial of a person's participation in a conspiracy and thereby ascribe his acts and statements to the co-conspirators even if that person is not named in the indictment." Briggs, 514 F.2d at 805.

## III. Conclusion.

For the foregoing reasons, **IT IS ORDERED** that Little's motion for a bill of particulars [Record Document 205] and motion to strike [Record Document 203] be and are hereby **DENIED**.

THUS DONE AND SIGNED in Shreveport, Louisiana this 19th day of February, 2012.

*[signature]*
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE