UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

_____
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-189-01 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ALBERT LITTLE | MAGISTRATE JUDGE HORNSBY |
_____

### MEMORANDUM RULING

Before the Court is a Motion For A Judgment Of Acquittal After Jury Verdict, filed by the Defendant, Albert Little ("Little"). See Record Document 272. Little, along with ten co-defendants, was charged with various drug trafficking offenses in violation of Title 21 of the United States Code. On the fourth day of trial, the jury convicted Little of all four counts against him. That same day, after fully considering the arguments made by defense counsel, the Court denied Little's motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29. Thereafter, Little filed the instant motion for judgment of acquittal. After a thorough review of the parties' submissions and the record, the Court remains convinced that the jury's verdict on each count is supported by the evidence. Accordingly, Little's motion is **DENIED**.

I.      Background.

Little is the former Sheriff of Winn Parish, Louisiana. On July 29, 2011, a fourteen count indictment was returned by a federal grand jury against Little and his co-defendants. Little was charged in Count One with conspiracy to posses with intent to distribute fifty

grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.  Count Five charged him with possession with intent to distribute five grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.  Finally, Counts Seven and Eleven charged Little with the use of a communication facility in facilitating the commission of a drug offense, in violation of Title 21, United States Code, Section 843(b).

Prior to trial, all of Little's co-defendants entered pleas of guilty.  Little proceeded to trial alone.  A four day jury trial commenced on February 21, 2012, during which Little's co-defendant and purported mistress, Lauralyn Thompson ("Thompson"), testified.  At the close of evidence on the third day of trial, Little made a Rule 29 motion for judgment of acquittal.  The Court reserved its ruling until a jury verdict was reached.  On the fourth day, after the jury convicted Little of all four counts against him, the Court denied Little's Rule 29 motion. After trial, Little filed the instant motion for judgment of acquittal.  See Record Documents 272 & 285.  The Government opposes the motion.  See Record Document 277.

II.     Law and Analysis.

The standard for evaluating a defendant's motion for acquittal is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979).  Thus, the Court's task at this stage is to view not only the evidence, but also all reasonable inferences, in the light most favorable to the Government.  See United States v. Mendoza, 522 F.3d 482, 488 (5th Cir. 2008).

"[A]ll credibility determinations are made in the light most favorable to the verdict." Id. (quoting United States v. Moreno, 185 F.3d 465, 471 (5th Cir. 1999)). "In effect, the court assumes the truth of the evidence offered by the prosecution." United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997). The Court reviews the sufficiency of circumstantial evidence in the same manner that it reviews the sufficiency of direct evidence. See United States v. DeJean, 613 F.2d 1356, 1358 (5th Cir. 1980). Morever, "[a]ll evidence is considered, not just that supporting the verdict, but the evidence need not conclusively disprove alternatives; the jury is free to choose among reasonable constructions of the evidence." United States v. Peterson, 244 F.3d 385, 389 (5th Cir. 2001) (internal marks omitted). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . ." United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996). "Circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof." United States v. Vasquez, 677 F.3d 685, 692 (5th Cir. 2012). "Jurors may properly 'use their common sense' and 'evaluate the facts in light of their common knowledge of the natural tendencies and inclinations of human beings.'" Id. (quoting United States v. Ayala, 887 F.2d 62, 67 (5th Cir. 1989)).

Therefore, this Court will not weigh the evidence or assess the credibility of witnesses, Lopez, 74 F.3d at 577, but rather should determine "only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence."

United States v. Dean, 59 F.3d 1479, 1484 (5th Cir. 1995). However, "[a] verdict may not rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference." United States v. Moreland, 665 F.3d 137, 149 (5th Cir. 2011). "If the evidence is relatively balanced, a reasonable juror could not convict beyond a reasonable doubt . . . ." Peterson, 244 F.3d at 389. Under those circumstances, the Court should grant the Defendant's motion.

In the instant case, viewing the evidence in the requisite light most favorable to the verdict and drawing all reasonable inferences in support thereof, the Court once again denies the Defendant's motion, finding that there was sufficient evidence to support Little's conviction. Count One charged Little with conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841 and 846. To establish a drug conspiracy, the Government had to prove: (1) the existence of an agreement between two or more persons to violate the federal narcotics laws; (2) the Defendant's knowledge of the agreement; (3) the Defendant's voluntary or willful participation in the agreement; and (4) the overall scope of the conspiracy involved fifty grams or more of methamphetamine. Count Five charged Little with possession with intent to distribute five grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. To prove Little guilty of this count, the Government had to prove: (1) that the Defendant knowingly possessed a controlled substance; (2) that the substance was in fact methamphetamine; (3) that the Defendant possessed the substance with the

intent to distribute it; and (4) that the quantity of the substance was at least five grams. Lastly, Counts Seven and Eleven charged Little with the use of a communication facility to facilitate the commission of a drug felony, in violation of Title 21, United States Code, Section 843(b). To establish Little's guilt on these counts, the Government had to prove: (1) that the Defendant knowingly used a communication facility and (2) that the Defendant used the communication facility with the intent to facilitate the commission of the offense of possession with intent to distribute methamphetamine.

As to Count One, the conspiracy count, Little contends that the evidence failed to establish that he knew of the unlawful purpose of the conspiracy and that he voluntarily joined in the conspiracy. In holding to the contrary, the Court is particularly persuaded by the trial testimony of Vic Rachal ("Rachal"). Rachal testified for the Government and corroborated Thompson's testimony regarding a drug deal in Bienville Parish. Specifically, Rachal testified that, at Little's request, he picked Thompson up in a Sheriff's Department vehicle and transported her to Bienville Parish to conduct a drug deal. Before the deal took place, Rachal surrendered the vehicle to Thompson so she could proceed to the drug deal alone. Rachal had no way to monitor the deal, nor was he ever instructed to monitor and/or prepare a report of the event. Despite the fact that Thompson successfully completed the drug deal with the Sheriff's Department's assistance, no drugs were seized from Thompson, no reports were written, and no arrests were ever made.

Little argues now, as he did at trial, that this event could be construed as his attempt to draw a known drug dealer into Winn Parish where he ultimately could effect an

arrest, presumably for future wrongdoing. This, he contends, bolsters his defense at trial that he was conducting his own drug investigation all along, rather than lending law enforcement support to a known drug dealer. This argument was presented to and rejected by the jury.[1] The Court rejects it as well. Once again, the Court concludes that there was substantial evidence from which a rational jury could conclude beyond a reasonable doubt that Little conspired to possess with intent to distribute fifty grams or more of methamphetamine.

As to Count Five, possession with intent to distribute, Little argues that the evidence failed to establish that he knowingly possessed methamphetamine or that he intended to join in the distribution of the drug on the date specified in the indictment. With respect to Counts Seven and Eleven, Little asserts that the evidence failed to prove that he intended to facilitate a drug crime. Similar to the Court's ultimate conclusion on Count One, the Court finds that the evidence was sufficient to permit a rational jury to find Little guilty on Counts Five, Seven, and Eleven. Over the course of the trial, the jury was presented with numerous recorded phone calls and text messages. The Government also introduced documents establishing that the Winn Parish Sheriff's Office, at the behest of Little, ran license plate and driver's license checks. The requests for this sensitive, law enforcement information not only originated from Thompson, but related to her drug distribution.

---

[1] In fact, the jury was instructed that if they believed Little's actions were a part of an investigation being conducted by him and that he had a good faith belief that his actions were part of an investigation being conducted by him, they should find him not guilty.

Further, the jury heard testimony from Thompson herself, regarding Little's involvement in the overall drug conspiracy, the specific dates charged in the indictment, and the amount of methamphetamine being distributed. Little challenges Thompson's testimony, arguing that alleged inconsistencies demonstrate her lack of credibility. However, this Court will not disturb the jury's credibility determinations, as all credibility findings must be construed in the light most favorable to the verdict. See Mendoza, 522 F.3d at 488. Indeed, as previously mentioned, the Court must essentially assume the truth of the Government's evidence. See Robertson, 110 F.3d at 1117. Nonetheless, the Court notes that Thompson's testimony was explained in part and bolstered in part by other witnesses, including Louisiana State Police Troopers Jordan, Turnage and Haynes, along with Shelly Scott and Vic Rachal. Thus, as evidenced, the jury was neither asked nor required to find Little guilty based solely upon the word of his co-defendant, Thompson. Rather, a significant amount of damaging and persuasive evidence was introduced through other witnesses-- evidence the defense was unable to refute convincingly. The Court concludes that before the jury rendered its verdict, it necessarily considered and rejected the Defendant's arguments. This Court will not now second-guess the jury's ultimate determination, as it is plainly supported by the evidence.

III. Conclusion.

After a careful and thorough review of the record, the Court finds that there was substantial evidence from which a rational jury could conclude beyond a reasonable doubt that Little was guilty on Counts One, Five, Seven, and Eleven. Accordingly,

**IT IS ORDERED** that the motion for judgment of acquittal [Record Document 272] be and is hereby **DENIED**.

THUS DONE AND SIGNED in Shreveport, Louisiana this 13th day of July, 2012.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE